CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
MAR 31 2011
JULIA C. DUDLEY, CLERK
BY: /s/ K. Baussema
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLAUDIO PAGANO MONREAL, | ) | Civil Action No. 7:11-cv-00098 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Samuel G. Wilson |
| HAROLD W. CLARKE, | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Claudio Pagano Monreal, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 convictions and sentence in the Rockingham County Circuit Court. The court finds that Monreal's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On January 17, 2006, the Rockingham County Circuit Court entered judgment against Monreal, convicting him of several drug offenses, and sentencing him to a total term of 35 years incarceration with 15 years suspended. Monreal appealed and the Court of Appeals of Virginia denied his appeal on January 30, 2007. Monreal further appealed to the Supreme Court of Virginia which refused his appeal on September 25, 2007. Monreal did not file a petition for writ of certiorari with the Supreme Court of the United States. However, Monreal filed a habeas petition in the Supreme Court of Virginia on September 25, 2008, which the court refused on March 18, 2009. Monreal filed a second habeas petition in the Supreme Court of Virginia on March 8, 2010, which was dismissed on June 4, 2010. He filed his federal habeas petition in this court on January 31, 2011. The court conditionally filed his petition, advised him that the

petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] In this case, the statute of limitations began to run on December 24, 2007, when Monreal's conviction became final. However, the time during which a "properly filed" state habeas petition is pending is not counted toward the period of limitation.[2] 28 U.S.C. § 2244(d)(2). Assuming, without finding, that Monreal's first state habeas petition was properly filed, the statute of limitations clock stopped running on September 25, 2008, after

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Monreal has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Monreal' conviction became final on December 24, 2007**Error! Main Document Only.**, 90 days after the Supreme Court of Virginia refused his appeal and when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

[2] An application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a "properly filed" application; it is merely a "pending" application that does not toll the limitation period. Id. at 9.

approximately 276 days, when Monreal filed his habeas petition in the Supreme Court of Virginia. The clock then began to run again when the court refused Monreal's habeas petition on March 18, 2009. Assuming, without finding, that Monreal's second state habeas petition filed in the Supreme Court of Virginia was also properly filed, the statute of limitations clocked stopped running again on March 8, 2010, after an additional 355 days, when Monreal filed his second state habeas petition. The clock then began to run again when the court denied Monreal's habeas petition on June 4, 2010. Monreal filed this federal habeas petition on January 31, 2011, approximately 241 days after the Supreme Court of Virginia dismissed his second state habeas petition. Therefore, the time clock on Monreal's statute of limitations ran for a total of approximately 872 days before he filed his federal habeas petition. Accordingly, Monreal's petition is time-barred unless he demonstrates grounds for equitable tolling.

Despite being given the opportunity to amend his petition, Monreal makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Monreal has not demonstrated any grounds for equitable tolling and thus, his petition is dismissed as untimely filed.

### III.

For the reasons stated, the court dismisses Monreal' petition as untimely.

ENTER: This 31st day of March, 2011.

United States District Judge